TRIPP, COUNTY TREASURER, Respondent, v. FIRST NATIONAL BANK OF YANKTON, SOUTH DAKOTA, Appellant.

(221 N. W. 267.)

(File No. 6297.   Opinion filed October 6, 1928.)

*Clark & Henderson,* of Yankton, for Appellant.

*Bogue & Bogue,* of Parker, and *H. A. Doyle,* of Yankton, for Respondent.

BROWN, J. On December 16, 1921, defendant surrendered to plaintiff for payment county warrants to the amount of $5,-803.61, and received of plaintiff as county treasurer a check on Lesterville State Bank for that amount. Defendant indorsed the check to Security National Bank of Sioux City. That bank in turn indorsed it, and sent it to Lesterville State Bank on December 18th for payment. Lesterville State Bank did not remit until January 4, 1922, when it sent Security National Bank a draft on a Sioux Falls bank, which was at once forwarded for payment, but was not paid; the Lesterville bank having insufficient funds in the hands of the drawee. Plaintiff had an open account with defendant bank, and on January 11th defendant charged plaintiff's account with the amount of the check which had been returned to plaintiff, marked "Paid," by the Lesterville bank at the time it issued the draft to the Security National Bank of Sioux City. On May 10, 1922, plaintiff would have had $5,803.61 in her account in defendant bank, had not the charge of that amount been made against it, and on that day she drew a check in favor of the state treasurer for that balance, which check was presented for payment and payment refused on the ground that plaintiff had no funds in the bank. On June 10th plaintiff commenced this action to recover the $5,803.61.

On September 7, 1922, the board of county commissioners adopted a resolution reciting, in substance, that whereas the title to this $5,803.61 was in dispute and the subject of litigation between the county treasurer of Yankton county and First National Bank, and that no claim had been filed with the banking department by either of the litigants, and there was danger of the amount being lost to the county should the decision in the litigation be adverse to the county treasurer, therefore A. L. Wyman, acting state's attorney of Yankton county, was authorized and directed to make claim for the $5,803.61, with accrued interest, against the state banking department. Acting on this resolution, Wyman made application for the amount to be paid out of the bank guaranty fund, which application was granted and the amount paid over to Wyman as acting state's attorney of Yankton county.

At the close of the evidence, defendant moved that the action be dismissed for the reason that all questions involved had become moot; that plaintiff had been paid in full and had received from the guaranty fund the amount of the check; and that a decision in the case would be upon questions which had become purely academic. The court denied the motion and made findings in favor of plaintiff, on which was entered judgment for the amount with interest at 7 per cent from May 10, 1922, from which judgment and order denying a new trial defendant appeals.

. Rev. Code, § 6009, requires the state's attorney to "pay over to the county treasurer all money he may receive as such state's attorney within ten days after he receives it." We cannot understand how Wyman had any authority to file any claim for this money or to accept or receive it from the state banking department, otherwise than in his official capacity as state's attorney, and after he received it it was his duty to pay it over within ten days thereafter to the county treasurer.

Respondent contends that by the terms of the resolution Wyman was a mere trustee, this contention being based upon the recital in the resolution that "there is danger of said funds being lost to said county in the event of the decision in said litigation being adverse to said county treasurer"; that Wyman was a trustee for whichever of the litigants as should ultimately prevail in the action. This seems to us untenable. This litigation should have been ended when the money was received by Wyman from the guaranty fund.

The judgment and order appealed from are reversed, and, if the money has not been already turned over to the treasurer of Yankton county by Mr. Wyman, he should do so without further delay.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J. (concurring specially). I believe the appellant bank should prevail on the merits, and therefore concur in the view that the judgment and order appealed from should be reversed.